UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Victor F.M.,

               Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Department of
Homeland Security; Todd M. Lyons, *Acting
Director of Immigration and Customs
Enforcement*; Immigration & Customs
Enforcement; Daren K. Margolin, *Director
for Executive Office for Immigration
Review*; Executive Office for Immigration
Review; David Easterwood, *Acting Director,
St. Paul Field Office, Immigration and
Customs Enforcement*; and Ryan Shea,
*Sheriff of Freeborn County*,

               Respondents.

File No. 25-cv-4778 (ECT/SGE)

**OPINION AND ORDER**

---

David L. Wilson and Olivia Anderson-Petroske, Wilson Law Group, Minneapolis, MN,
for Petitioner Victor F.M.

David John Walker, Freeborn County Attorney's Office, Albert Lea, MN, for Respondent
Ryan Shea.

Ana H. Voss and Liles Harvey Repp, United States Attorney's Office, Minneapolis, MN,
for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M.
Lyons, Immigration & Customs Enforcement, Daren K. Margolin, Executive Office for
Immigration Review, and David Easterwood.

Petitioner Victor F.M. is a Mexican citizen who has lived in the United States without authorization since 2012 or 2013,[1] when he entered the country without inspection. *See* Pet. [ECF No. 1] ¶¶ 13, 28–29; ECF No. 6 ¶ 4. On May 9, 2018, Victor filed a U visa application that remains pending.[2] Pet. ¶ 32; ECF No. 6 ¶¶ 4–5. On December 23, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Victor in Apple Valley, Minnesota. ECF No. 6-2 at 2. At the time of his arrest, Victor "had a valid employment authorization document." *Id.* ¶ 32; *see* ECF No. 6 ¶¶ 4–5 (stating that "[o]n February 27, 2023, USCIS approved [Victor's] I-765 application" for Employment Authorization). The day of his arrest, ICE served Victor with a notice to appear[3] in immigration court. ECF No. 6 ¶ 6; ECF No. 6-1 (Notice to Appear). The Notice to Appear identified Victor as "an

---

[1]    Victor's Verified Petition for Writ of Habeas Corpus alleges that he entered the United States "on about 2012." *See* Pet. ¶ 29. According to Respondents, on a May 9, 2018 U visa application, Victor stated that he entered the United States on March 16, 2013. *See* ECF No. 6 ¶ 4.

[2]    "The U nonimmigrant status (U visa) is set aside for victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity." *Victims of Criminal Activity: U Nonimmigrant Status*, U.S. Citizenship & Immigr. Servs. https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status (last visited Jan. 5, 2026). Victor's I-918 petition for U nonimmigrant status and I-192 application for advance permission to enter as a nonimmigrant "were determined to be bona fide," and "are currently pending with deferred action, and once a visa is available USCIS would determine eligibility for nonimmigrant status and whether [Victor] is admissible to the United States." *See* ECF No. 6 ¶¶ 4–5.

[3]    A declaration filed by Respondents indicates that ICE officers issued an arrest warrant as well, *see* ECF No. 6 ¶ 6, but no warrant was provided to the Court, *see* ECF Nos. 6, 6-1, 6-2. And the Government's response brief mentions nothing about an arrest warrant. *See* ECF No. 5 at 2 (describing that when Victor was taken into custody, he was "served . . . with a Notice to Appear").

alien present in the United States who has not been admitted or paroled." ECF No. 6-1 at 1. The box on the form for "arriving alien" was not checked. *See id.* Victor's Form I-213 Record of Deportable/Inadmissible Alien indicates that he is an "alien present without admission or parole" and an "immigrant without an immigrant visa" under § 212(a)(6)(A)(i) and (a)(7)(A)(i)(I). ECF No. 6-2 at 2; *see* 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7)(A)(i)(I) (codifications). Victor has since been detained at the Freeborn County Jail in Albert Lea, Minnesota. Pet. ¶¶ 14, 37. Victor claims he is within the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. filed July 23, 2025), and he has filed a bond redetermination request with the Immigration Court due to his asserted class membership. *See* ECF No. 7 at 2 n.1. A bond hearing on that request has been set for January 8, 2026. *Id.*

Here, Victor challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 8. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). *Id.* ¶¶ 2, 24; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Victor, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations. Pet. ¶¶ 64–93. He seeks a declaration that his detention is unlawful under the Due Process Clause and 8 U.S.C. § 1226; issuance of a writ of habeas corpus ordering Respondents to set a bond hearing for him and release him immediately; an injunction forbidding Respondents from

3

moving him out of the District of Minnesota during the pendency of this case; and an award of attorneys' fees and costs. Pet. at 24.

Respondents argue that the petition fails on the merits as a matter of statutory interpretation.[4] ECF No. 5 at 4–10. Courts in this District have repeatedly considered and rejected Respondents' argument, and it will be rejected here as well.

Victor has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264

---

[4]     Respondents do not challenge this Court's subject-matter jurisdiction to consider Victor's petition. *See* ECF No. 5. Nonetheless, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

(PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of January 5, 2026, only one federal court of appeals has ruled on the question, and it reached the same conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, No. 25-3050, 2025 WL 3552514, at *8–10 (7th Cir. Dec. 11, 2025).  Victor has lived in the United States for about thirteen years.  His detention falls under § 1226 and not § 1225(b)(2).  ECF No. 6-1 at 1 (showing box checked for "alien present in the United States who has not been admitted or paroled" and not the box for "arriving alien").

Respondents argue that Victor's pursuit of a U visa distinguishes this Court's decision in *Fernando F.P.D.*, 2025 WL 3675151, but that does not change things.  Like numerous courts that have faced similar factual scenarios, I conclude that a noncitizen who entered the country without authorization and years later pursued a U visa is not "seeking admission" under § 1225(b)(2) and falls within § 1226's discretionary detention procedures.  *See Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *6 (D. Colo. Oct. 17, 2025), *appeal filed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Fuentes v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *1–2, *4 (D. Minn. Dec. 9, 2025) (granting § 1226(a) bond hearing to petitioner who entered more than twenty years before and was pursuing a U visa when detained, and finding that "a noncitizen who is present in the United States for decades is not 'seeking admission' under 8 U.S.C. § 1225(b)(2)"); *N.A. v. LaRose*, No. 3:25-cv-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding petitioner who had resided in the United States for seventeen years at the time of his arrest and was pursuing a U visa was not "seeking admission" and fell within § 1226's discretionary detention procedures); *Patel v.*

*Hardin*, No. 2:25-cv-870-JES-NPM, 2025 WL 3442706, at *1, *5–6 (M.D. Fla. Dec. 1, 2025) (granting § 1226(a) bond hearing to petitioner who had been in the country since 2011 and pursuing U visa); *Ramirez v. Noem*, No. 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *1, *4, *13 (D. Nev. Nov. 24, 2025) (finding petitioner who had resided in the United States for over a decade and had been "granted deferred action from removal after [USCIS] found his U-Visa application was *bona fide*" was entitled to § 1226(a) bond hearing); *Calel v. LaRose*, No. 3:25-cv-02883-GPC-JLB, 2025 WL 3171898, at *1, 4–6 (S.D. Cal. Nov. 13, 2025) (finding petitioner who had resided in the United States for 18 years and was "currently pursuing a U-visa with USCIS" was not "seeking admission" under § 1225(b)(2)).

For these reasons, Victor is subject to discretionary detention and entitled to a bond hearing.[5]

---

[5]     Though Victor alternatively requests immediate release, *see* Pet. at 24, that will not be granted.  Victor's regulatory arguments will not be addressed.  Because Victor succeeds on his statutory claim, the Court need not address whether Victor is eligible for relief based on the decision in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. filed July 23, 2025).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Victor F.M.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.    The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2.    Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 5, 2026                    s/ Eric C. Tostrud
                                           Eric C. Tostrud
                                           United States District Court